GARDEN, JUDGE:
At about 2:15 a.m. on July 16,1978, the claimant’s son, Martin V. Gaston, Jr., was operating his father’s 1971 Pontiac automobile in a westerly direction on 1-64 in Charleston and was preparing to turn off 1-64 at the Oakwood exit. It was raining hard, and, in fact, had been raining since about 7:00 the evening before. In order for a westbound motorist on 1-64 to use the Oakwood exit, a right turn must be made. The exit then descends rather sharply and turns to the left and then on to Oakwood Road.
Young Gaston testified that he had been traveling at a speed of about 50 miles per hour on 1-64 but was decelerating when he made his right turn onto the exit ramp. Upon entering the ramp, he suddenly struck a large accumulation of water which caused his car to hydroplane. As a result, he lost control of the car and struck the wall located at the right of the exit ramp, causing damage to the front end of the car, the repair of which cost the claimant the sum of $927.00. Young Gaston testified that the water was from one to two feet in depth and extended the entire width of the exit ramp for at least 15 yards. He indicated that, while he traveled this exit ramp two or three times daily, he had never seen an accumulation of water on the ramp. As a result of the accident, he suffered a laceration over his left eye for which he was treated at the Charleston Area Medical Center. He was also x-rayed by Associated Radiologists in the Medical Arts Building. The testimony established that the injury was not permanent in nature.
Officer R. R. Ranson of the Charleston Police Department, appearing on behalf of the claimant, testified that he was on duty on the night of the accident, and, in the course of his duties, had observed the accumulation of water at the accident scene. He testified that he first observed the water around 10:30 p.m. or 11:00 p.m. and again between 12:30 a.m. and 1:00 a.m., and on each *91 occasion, he had notified his communication center and had advised them of the hazardous condition. Officer Ranson was then radioed back that the respondent had been notified of the condition of the exit ramp.- Apparently, the respondent failed to take any steps to rectify the situation or erect any type of warning device. The respondent presented no evidenced in the defense of the claim.
This Court is of the opinion that the claimant has established by a preponderance of the evidence that respondent was aware of the hazardous condition at the exit ramp, and that respondent’s failure to take any action to eliminate the water or warn motorists of the presence of the same constituted a failure to keep the exit ramp in a reasonably safe condition. Therefore, the respondent was guilty of negligence. The Court further feels that the record fails to disclose any negligence on the part of young Gaston.
The claimant testified that insurance paid the bill of the Charleston Area Medical Center, but he personally paid a $15.00 charge for Associated Radiologists and the car repair bill of $927.00. For the reasons herein expressed, the Court makes an award in favor of the claimant in the amount of $942.00.
Award of $942.00.